UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELCENTRO COFFEY                              CIVIL ACTION

VERSUS                                       NO: 19-3981

KNIGHT REFRIGERATED, LLC ET AL.              SECTION: "H"(1)

### ORDER AND REASONS

Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. 18). For the following reasons, the Motion is GRANTED.

### BACKGROUND

Plaintiff Elcentro Coffey alleges that he was injured in an automobile accident when Defendant David White merged into his lane of travel and crashed into the vehicle that Plaintiff was driving. Plaintiff alleges, and Defendants admit, that White was in the course and scope of his employment with Defendant Knight Refrigerated, LLC ("Knight") at the time of the accident. Plaintiff claims that White was negligent in causing the accident and that Knight is vicariously liable for that negligence. He also alleges that Knight

is independently liable for "allowing an incompetent and unqualified driver to operate its vehicle."[1]

Defendants now move for summary judgment dismissing Plaintiff's claim that Knight is independently liable for Plaintiff's damages. Plaintiff opposes.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a

---

[1] Doc. 1-2, ¶8.
[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Defendants ask this Court to dismiss Plaintiff's claim that Knight is independently liable for his damages because of its negligent hiring, training, supervision, or entrusting of White. Defendants argue that when an employer stipulates that the employee was in the course and scope of employment when he committed the alleged negligence, the plaintiff cannot simultaneously pursue vicarious liability and direct negligence claims against an employer.

Louisiana law applies to this diversity action.[10] As Plaintiff points out, there is no binding precedent under Louisiana law controlling this issue.[11] "If there is no ruling by the state's highest court on the specific question, the Court must make an *Erie* guess as to how the state's highest court would decide the

---

[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 681 (5th Cir. 2011).
[11] Wright v. Nat'l Interstate Ins. Co., No. CV 16-16214, 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017).

issue."[12] Several federal courts in Louisiana have recently engaged in making an *Erie* guess on this issue and have sided with Defendant.[13] Indeed, at least two sections of this Court have held that a plaintiff cannot bring claims against an employer for both vicarious liability and direct negligence when the employer has stipulated that the employee was in the course and scope of his employment at the time of the accident.[14]

In April of this year, Judge Sarah Vance dismissed direct negligence claims against an employer under an identical fact pattern.[15] In *Thomas v. Chambers*, the plaintiff was injured in a car accident involving a tractor-trailer operated by Randall Chambers, an employee of God's Way Trucking, LLC ("God's Way").[16] Plaintiff brought claims against Chambers for his negligence and against God's Way for vicarious liability and for its independent negligence for negligently hiring, training, supervising, and entrusting Chambers.[17] The court held "that plaintiffs may not maintain both a direct negligence claim against God's Way and a claim that God's Way is vicariously liable for Chambers's negligence, because God's Way readily admits that it is vicariously liable for Chambers's alleged negligence."[18] In so holding, the court made an *Erie* guess in reliance on the Louisiana Third Circuit Court of Appeal's decision in *Libersat v. J & K Trucking, Inc.*[19] In *Libersat*, the appellate court held that

---

[12] Thomas v. Chambers, No. CV 18-4373, 2019 WL 1670745, at *6 (E.D. La. Apr. 17, 2019)
[13] *Id.*; *Wright*, 2017 WL 5157537, at *2; Dennis v. Collins, No. CV 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016).
[14] *See Thomas*, 2019 WL 1670745 (Vance, J.); *Wright*, 2017 WL 5157537 (Fallon, J.).
[15] *Thomas*, 2019 WL 1670745, at *1.
[16] *Id.*
[17] *Id.*
[18] *Id.* at *7.
[19] 772 So. 2d 173 (La. App. 3 Cir. 2000).

the district court did not err in failing to instruct the jury on the employer's duty regarding hiring and training when it "equated *respondeat superior* to all possible theories of recovery."[20] The court explained that:

> If Mr. Mitchell [the employee] breached a duty to the Appellants, then Patterson [his employer] is liable under the theory of respondeat superior. If Mitchell did not breach a duty to the Appellants then no degree of negligence on the part of Patterson in hiring Mitchell would make Patterson liable to the Appellants.[21]

Judge Vance "reasoned that, if a jury charge on the employer's standard of care is unnecessary under the scenario at issue, then summary judgment on direct negligence claims is also appropriate."[22]

As recently as June of this year, Judge Vance again adopted this reasoning to dismiss independent negligence claims against an employer in another case.[23] Other divisions of this Court and others have done so as well.[24] Plaintiff does not point this Court to any case reaching a contrary conclusion. Instead, Plaintiff opposes this Motion on other grounds.

First, Plaintiff argues that Defendants' Motion is premature and that this Court should defer ruling to allow additional time for discovery. Federal Rule of Civil Procedure 56(d) allows a court to defer consideration of a motion or allow the nonmovant additional time for discovery if the nonmovant can demonstrate "(1) why the movant needs additional discovery; and (2) how the

---

[20] *Id.* at 179.
[21] *Id.*
[22] Giles v. ACE Am. Ins. Co., No. CV 18-6090, 2019 WL 2617170, at *2 (E.D. La. June 26, 2019) (discussing *Thomas*, 772 So. 2d 173).
[23] *Id.*
[24] *See Wright*, 2017 WL 5157537, at *3; *Dennis*, 2016 WL 6637973, at *7; Franco v. Mabe Trucking Co., Inc., No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); Vaughn v. Taylor, No. 18-1447, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019); Wilcox v. Harco Int'l Ins., No. CV 16-187-SDD-EWD, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017).

additional discovery will likely create a genuine issue of material fact."[25] The issue before the Court in this motion is a legal issue and further development of the facts would have no bearing on its outcome. Accordingly, this argument fails.

Plaintiff next argues that he should be permitted to proceed in his independent negligence claims against Knight because Louisiana law provides for comparative fault and requires that the degree of fault be allocated among all persons contributing to an injury. "This argument does not follow, because there is no need to allocate fault between the parties when plaintiff's vicarious liability claims make" Knight entirely liable for White's alleged negligence.[26] Therefore, "[a]n allocation of fault under the principles of comparative negligence is not necessary under the facts of this case."[27]

Finally, Plaintiff appeals to public policy considerations, such as deterrence of undesirable conduct, satisfaction of the community's sense of justice, and predictability. This argument ignores the fact that Knight will be made to pay for Plaintiff's damages regardless of whether it is found liable vicariously or directly. Further, "the Court finds that public policy considerations such as streamlining the litigation process and avoiding unnecessary confusion for the jury weigh in favor of granting summary judgment. . . . The Court finds that, on balance, a rule disallowing simultaneous vicarious and direct negligence claims serves the public good."[28]

---

[25] Weaver v. Harris, 486 F. App'x 503, 505 (5th Cir. 2012).
[26] *Giles*, 2019 WL 2617170, at *3; *see also Wilcox*, 2017 WL 2772088, at *3.
[27] *Giles*, 2019 WL 2617170, at *3.
[28] *Id.*

Accordingly, Plaintiff's arguments are unavailing. Plaintiff has not provided this Court with any reason to reach a result that is different than other courts that have already considered this issue. "The facts of this case are directly analogous to *Thomas* [and the other cases cited herein], and the same principles necessitate summary judgment here."[29] Accordingly, Plaintiff's claims for independent negligence against Knight are dismissed.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claim for independent negligence against Knight Refrigerated, LLC is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 1st day of November, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[29] *Id.* at *2.